UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PUBLIC CITIZEN,<br>  1600 20th Street NW<br>  Washington, DC 20009,<br><br>                    Plaintiff,<br><br>v.<br><br>OFFICE OF PERSONNEL MANAGEMENT,<br>  1900 E St NW<br>  Washington, DC 20415,<br><br>                    Defendant. | Civil Action No. 25-1178 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Plaintiff Public Citizen brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel defendant Office of Personnel Management (OPM) to produce records responsive to three FOIA requests Public Citizen submitted regarding OPM's subscription to and monitoring of email listservs operated by nonprofit organizations, its actions monitoring the speech of government personnel, and its interactions with non-governmental actors.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Public Citizen is a nonprofit, public-interest organization. Public Citizen submitted the FOIA requests at issue in this action.

4. Defendant OPM is an agency of the United States within the meaning of FOIA. 5 U.S.C. § 551(1). OPM has possession or control of the records responsive to Public Citizen's FOIA requests.

## BACKGROUND

**The Listserv FOIA Request**

5. On January 27, 2025, Public Citizen submitted a FOIA request to OPM for records relating to OPM's subscription to and monitoring of email listservs maintained by nonprofits ("the Listserv FOIA Request"). Specifically, the Listserv FOIA Request sought:

(1) "All email messages from an email address that ends in 'opm.gov,' (including, but not limited to, deiatruth@opm.gov) to an email address that does not end in '.gov' that ask to subscribe to or join a listserv or mailing list. This request is limited to email messages sent on or after January 20, 2025, through the date of processing of this FOIA request";

(2) "All email messages from an email address that does not end in '.gov' to an email address that ends in 'opm.gov' (including, but not limited, to deiatruth@opm.gov) that confirm a subscription to a listserv or mailing list. This request is limited to email messages sent or received on or after January 20, 2025, through the date of processing of this FOIA request";

(3) "All email messages to or from an email address that ends in "opm.gov" (including, but not limited to, deiatruth@opm.gov) and an email address that does not end in '.gov' that contain the term 'listserv,' 'subscribe,' 'subscribed,' 'subscribing,' 'DEI,' 'DEIA,' or 'diversity,' regardless of how or whether those terms are capitalized. This request is limited to email messages sent or received on or after January 20, 2025, through the date of processing of this FOIA request";

2

(4) "All records that mention, discuss, or refer to a 'listserv,' 'mailing list,' or 'email list' that is not operated by the federal government. This request is limited to records that were created on or after January 20, 2025, through the date of processing of this FOIA request";

(5) "All records that discuss or refer to joining, monitoring, or surveilling non-governmental entities or listservs run by non-governmental entities. This request is limited to records that were created on or after January 20, 2025, through the date of processing of this FOIA request"; and

(6) "All records that the Office of Personnel Management (OPM), or an officer or employee at OPM, downloaded, extracted, or otherwise saved from a listserv run by a non-governmental organization, from January 20, 2025, through the date of processing of this FOIA request."

6. In the Listserv FOIA Request, Public Citizen sought a full waiver of fees because disclosure of the requested information would be in the public interest and not for commercial use.

7. By email to Public Citizen on February 3, 2025, OPM acknowledged the Listserv FOIA Request, but did not assign a request number. Instead, OPM's email stated that "[t]o process this FOIA request clarification is needed, it is not reasonably described." Specifically, OPM stated that:

(1) "To conduct a search for communications records custodian information is required, 'an email address that ends in 'opm.gov' is unspecific. Please provide more information, such as a specific email address, so a search can be conducted"; and

(2) "[T]he last three [requests] lack specificity and are all encompassing, please amend to include information that would allow us to assign this request to the relevant office or offices for processing."

8. On February 19, 2025, Public Citizen responded by email, explaining that each of the six items in the Listserv FOIA Request reasonably described the records requested with sufficient specificity and, therefore, that OPM was required to conduct a search for records responsive to the Listserv FOIA Request.

9. OPM never responded to Public Citizen's February 19, 2025, email and never made a final determination or a final production of records in response to the Listserv FOIA Request.

10. As of the filing of this complaint, it has been more than 20 business days since Public Citizen submitted the Listserv FOIA Request and more than 20 business days since Public Citizen responded to OPM's email.

**The Monitoring FOIA Request**

11. On January 27, 2025, Public Citizen submitted a FOIA request to OPM for records relating to OPM's interactions with non-governmental entities and its actions monitoring the speech of government personnel ("the Monitoring FOIA Request"). Specifically, the Monitoring FOIA Request sought:

(1) "All memoranda or other communications that direct responses or inquiries be sent to Amanda Scales";

(2) "All email messages, documents or other communications between the Office of Personnel Management and the Department of Government Efficiency, DOGE, the U.S. DOGE Service, Elon Musk, or any email address ending in spacex.com that mention Amanda Scales";

4

(3) "All records that discuss the installation of new email servers inside the Office of Personnel Management (OPM), including, but not limited to, the purpose of any new servers";

(4) "All email messages, memoranda, or other communications that request government agencies or personnel send to OPM information on government programs or personnel who are supportive of diversity, equity, and inclusion (DEI) programs";

(5) "All email messages, memoranda, or other communications that request government agencies or personnel send to OPM information on government programs or personnel who are supporting or have supported programs to address climate change"; and

(6) "All email messages, memoranda, or other communications that request government agencies or personnel send to OPM information on government programs or personnel who have made critical comments about President Trump or are perceived as not being supportive of President Trump."

12. In the Monitoring FOIA Request, Public Citizen sought a full waiver of fees because disclosure of the requested information would be in the public interest and not for commercial use.

13. By email to Public Citizen on February 3, 2025, OPM acknowledged the Monitoring FOIA Request, but did not assign a request number. Instead, OPM's email stated that it could "not process [the] request at this time" because it believed the "request does not adequately describe the records sought." OPM did not object to the first item in the Monitoring FOIA Request, but nonetheless failed to respond to that item. As to the second item, OPM stated: "[n]o OPM communication record custodian information provided." As to the third item, OPM stated: "[n]o office information as to where to conduct a search provided." And, as to the fourth, fifth, and sixth

items, OPM stated: "[n]o OPM communication record custodian information provided, no information as to relevant office to conduct a search provided."

14. On February 19, 2025, Public Citizen responded by email, (1) noting that OPM did not object to the first item; (2) clarifying three of the items; and (3) explaining that each of the items reasonably described the records requested with sufficient specificity and, therefore, that OPM was required to conduct a search for records responsive to the Monitoring FOIA Request. As to the fourth item, Public Citizen clarified that OPM "may limit the search to communications that, in addition to meeting the other criteria in the request, include the term 'DEI,' 'DEIA,' or 'diversity' regardless of whether or how that term is capitalized." As to the fifth item, Public Citizen clarified that OPM "may limit the search to communications that, in addition to meeting the other criteria in the request, include the term 'climate,' regardless of whether or how that term is capitalized." And, as to the sixth item, Public Citizen clarified that OPM "may limit the search to communications that, in addition to meeting the other criteria in the request, include the term 'president,' or 'Trump' regardless of whether or how that term is capitalized."

15. OPM never responded to Public Citizen's February 19, 2025, email and never made a final determination or a final production of records in response to the Monitoring FOIA Request.

16. As of the filing of this complaint, it has been more than 20 business days since Public Citizen submitted the Monitoring FOIA Request and more than 20 business days since Public Citizen responded to OPM's email.

**The External Access FOIA Request**

17. On January 30, 2025, Public Citizen submitted a FOIA request to OPM for records regarding abuses of OPM email accounts, including access to OPM email accounts by non-

6

governmental actors ("the External Access FOIA Request"). Specifically, the External Access FOIA Request sought:

(1) "All records that identify individuals who have access to the hr@opm.gov email address. This request is limited to records that were created on or after January 20, 2025, through the date of processing of this FOIA request";

(2) "All records that mention or reflect use of the hr@opm.gov email address to mask messages sent from a different email address or to forward messages from a different email address. This request is limited to records that were created on or after January 20, 2025, through the date of processing of this FOIA request";

(3) "All records that mention the hr@opm.gov email address and use the term 'spoof.' This request is limited to records that were created on or after January 20, 2025, through the date of processing of this FOIA request";

(4) "All records that discuss or refer to deletion or recall of mass emails that were sent from an email address ending in @opm.gov to other email addresses ending in .gov. This request is limited to records that were created on or after January 23, 2025, through January 30, 2025";

(5) "All email messages sent from or that appear to be sent from hr@opm.gov, on January 27 and January 28, 2025"; and

(6) "All email messages from an email ending in @opm.gov to an email address ending in @public.govdelivery.com, @govdelivery.com, or @granicus.com. This request is limited to records that were created on or after January 20, 2025, through the date of processing of this FOIA request."

18. In the External Access FOIA Request, Public Citizen sought a full waiver of fees because disclosure of the requested information would be in the public interest and not for commercial use.

19. By email to Public Citizen on February 6, 2025, OPM acknowledged the External Access FOIA Request, but did not assign a request number. Instead, OPM's email stated that "[t]o process this FOIA request clarification is needed, a portion of this request is not reasonably described and more information is needed." OPM did not object to the first five items in the External Access FOIA Request. With respect to the sixth item in the External Access FOIA Request, OPM stated: "broad and not reasonably described specific email addresses need to be provided to do search."

20. On February 19, 2025, Public Citizen responded by email, first noting that OPM did not object to the first five items in the External Access FOIA Request. Public Citizen next explained that the sixth item reasonably described the records requested with sufficient specificity and, therefore, that OPM was required to conduct a search for records responsive to the External Access FOIA Request.

21. OPM never responded to Public Citizen's February 19, 2025, email and never made a final determination or a final production of records in response to the External Access FOIA Request.

22. As of the filing of this complaint, it has been more than 20 business days since Public Citizen submitted the External Access FOIA Request and more than 20 business days since Public Citizen responded to OPM's email.

**CLAIM FOR RELIEF**

23. Public Citizen has a right under FOIA, 5 U.S.C. § 552, to the information responsive to the Listserv FOIA Request, the Monitoring FOIA Request, and the External Access FOIA Request, and to a fee waiver on each request.

24. OPM's failure to disclose the requested records has no legal basis.

**PRAYER FOR RELIEF**

WHEREFORE, Public Citizen requests that this Court:

A. Declare that OPM's failure to provide the records responsive to the Listserv FOIA Request, the Monitoring FOIA Request, and the External Access FOIA Request is unlawful;

B. Order OPM to make the requested records available to Public Citizen at no cost and without delay;

C. Award Public Citizen its costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E); and

D. Grant such other relief as this Court may deem just and proper.

Dated: April 17, 2025

Respectfully submitted,

/s/ *Zachary R. Shelley*
Zachary R. Shelley (DC Bar No. 90021549)
Adina H. Rosenbaum (DC Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7728
zshelley@citizen.org

*Counsel for Plaintiff*